AO 241 (Rev. 06/13)

Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: |
|---|---|

| Name (under which you were convicted):<br>Amy Locane, a/k/a Amy Locane-Bovenizer | Docket or Case No.:<br>10-12-00770-I |
|---|---|

| Place of Confinement:<br>Edna Mahon Correctional Facility for Women, 30 County Road 513, PO Box 4004, Clinton, NJ 08809 | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted)<br>Amy Locane, a/k/a Amy Locane-Bovenizer   v. | Respondent (authorized person having custody of petitioner)<br>Patricia McGill, in her official capacity as Administrator of Edna Mahon Correctional Facility for Women |
|---|---|

| The Attorney General of the State of **New Jersey** |
|---|

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Petitioner was sentenced on 4 separate occasions, and 4 separate judgments of conviction were entered, on 02/14/2013, 01/13/2017, 02/15/2019, and 09/17/2020. All 4 sentences and JOCs were entered by the Superior Court of New Jersey, Law Division, Somerset County, located at 20 N. Bridge St., Somerville, NJ 08876. This petition challenges the latter 2 sentences & JOCs, which were entered after petitioner fully served the first 2.

   (b) Criminal docket or case number (if you know): Indictment No. 10-12-00770-I

2. (a) Date of the judgment of conviction (if you know): Petitioner challenges the JOCs entered on 02/15/2019 & 09/17/2020.
   (b) Date of sentencing: 02/15/2019 & 09/17/2020

3. Length of sentence: 02/15/2019 - 5 years.   09/17/2020 - 8 years.

4. In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   02/14/2013 JOC - 2d-degree vehicular homicide (NJSA 2C:11-5a) & 3d-degree assault by auto (NJSA) 2C:12-1c(1)
   01/13/2017 JOC - same 2d-degree offense, amended 4th-degree assault by auto
   02/15/2019 JOC - same 2d-degree offense only (other offense barred by double jeopardy)
   09/17/2020 JOC - same 2d-degree offense, amended 4th-degree assault by auto

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty         ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty             ☐ (4) Insanity plea

AO 241 (Rev. 06/13)                                                                                                         Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

**Petitioner did not plead guilty to any charge.**

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes     ☐ No

9. If you did appeal, answer the following:

(a) Name of court: **Superior Court of New Jersey, Appellate Division**

(b) Docket or case number (if you know): **A-2728-12T2 (1st appeal), A-1990-16T4 (2d appeal), A-2828-18T4 (3d appeal)**

(c) Result: **1st – sentence vacated on pros. appeal, convictions upheld on pet. cross-appeal; 2nd – sentence vacated on pros. appeal; 3d – sentence vacated on pros. appeal**

(d) Date of result (if you know): **1st – 07/22/2016; 2d – 03/23/2018; 3d – 07/22/2020**

(e) Citation to the case (if you know): **1st – 2016 WL 3943370; 2d – 454 N.J. Super. 98; 3d – 2020 WL 4206727**

(f) Grounds raised: **Petitioner challenged the prosecution's 2d & 3d sentencing appeals on federal double jeopardy and due process grounds. The Appellate Division rejected those grounds on both occasions.**

**Petitioner has also appealed her fourth sentence & JOC entered 09/17/2020 on state-law grounds only. That appeal is pending under docket no. A-1158-20T7.**

(g) Did you seek further review by a higher state court?     ☒ Yes     ☐ No

If yes, answer the following:

(1) Name of court: **Supreme Court of New Jersey**

(2) Docket or case number (if you know): **2d – 081057; 3d – 084761**

(3) Result: **Both petitions for certification were denied.**

(4) Date of result (if you know): **2d – 10/24/2018; 3d – 11/06/2020**

AO 241 (Rev. 06/13)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised: **Petitioner challenged the prosecution's 2d & 3d sentencing appeals on federal double jeopardy and due process grounds. The Supreme Court of New Jersey denied both petitions for certification raising those grounds.**

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: **Superior Court of New Jersey, Law Division, Somerset County**

   (2) Docket or case number (if you know): **Indictment No. 10-12-00770-I**

   (3) Date of filing (if you know): **Filed 10/14/2020; denied 11/20/2020**

   (4) Nature of the proceeding: **Motion to vacate 4th sentence issued on 09/17/2020**

   (5) Grounds raised: **Petitioner's motion raised state-law grounds only. The denial of that motion is part of petitioner's pending appeal of her 4th sentence, which raises state-law grounds only.**

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
   ☐ Yes  ☒ No

   (7) Result: **Denied**

   (8) Date of result (if you know): **11/20/2020**

(b) If you filed any second petition, application, or motion, give the same information: **Not applicable**

   (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐ Yes   ☐ No

   (7) Result:

   (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information: **Not applicable**

   (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

AO 241 (Rev. 06/13)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes   ☒ No
(2) Second petition:  ☐ Yes   ☐ No
(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
**The Law Division's 11/20/2020 denial of petitioner's 10/14/20 motion to vacate her 4th sentence is presently on appeal before the Appellate Division.**

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** **Under clearly established federal law, and contrary to the New Jersey state courts' rulings, petitioner did not, and could not, waive her double jeopardy rights based on a court rule which the trial court neither informed her of nor implemented by failing to stay her first sentence, establish bail, or afford her any opportunity to be released from jail.**
    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
**See attached brief and appendix.**

(b) If you did not exhaust your state remedies on Ground One, explain why:
**Petitioner exhausted her state remedies by raising Ground One on the 2d and 3d appeals to the Appellate Division and the petitions for certification to the Supreme Court of New Jersey.**

AO 241 (Rev. 06/13)

Page 7

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

      2.      The trial court's failure to advise Locane of the court rule's stay, bail, and waiver provisions, and his subsequent failure to stay her first sentence, establish bail, or afford her any opportunity to elect to be released from jail, reinforced her expectation of finality.

      3.      Locane's completion of her original three-year prison term further reinforced her expectation of finality.

      4.      The Appellate Division's 2016 decision inviting the trial court to re-impose the same legal sentence on remand further reinforced Locane's expectation of finality.

      5.      Locane's completion of her first two sentences' three-year parole term culminated her legitimate expectation of finality.

D.      At a minimum, double jeopardy barred Locane's fourth sentence because the prosecution had no basis to appeal her third sentence.

III.      DUE PROCESS BARRED LOCANE'S TWO INCREASED SENTENCES BECAUSE THEY RETURNED HER TO JAIL YEARS AFTER SHE COMPLETED HER ORIGINAL SENTENCES DURING THEIR APPEALS, WHICH WERE UNDULY DELAYED BY THREE YEARS DUE TO THE PROSECUTION'S MERITLESS CHALLENGE TO HER PUBLIC DEFENDER AND THE APPELLATE COURT'S ORIGINAL DECISION INVITING THE TRIAL JUDGE TO REIMPOSE HER FIRST SENTENCE.

      A.      Due process precludes sentencing increases after defendants have served most or all of their sentences and unfairness would result.

      B.      Due process also precludes undue delays in sentencing.

      C.      Due process precludes Locane's increased sentences because they returned her to prison years after she completed her original prison and parole terms during an unfairly delayed appellate process.

CONCLUSION

AO 241 (Rev. 06/13)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **None.**

GROUND TWO: **Under clearly established federal law, and contrary to the New Jersey state courts' rulings, double jeopardy barred petitioner's two increased sentences because she fully served her original sentences' prison and parole terms under circumstances establishing her legitimate expectation of finality in those completed sentences.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**See attached brief and appendix.**

(b) If you did not exhaust your state remedies on Ground Two, explain why:
**Petitioner exhausted her state remedies by raising Ground Two on the 2d and 3d appeals to the Appellate Division and the petitions for certification to the Supreme Court of New Jersey.**

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two  **None.**

**GROUND THREE:** Under clearly established federal law, and contrary to the New Jersey state courts' rulings, due process barred petitioner's two increased sentences because they returned her to jail years after she completed her original sentences during their appeals, which were unduly delayed by three years due to the prosecution's meritless challenge to her public defender and the appellate court's original decision inviting the trial judge to reimpose her first sentence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**See attached brief and appendix.**

AO 241 (Rev. 06/13)     Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why:

**Petitioner exhausted her state remedies by raising Ground Three on the 2d and 3d appeals to the Appellate Division and the petitions for certification to the Supreme Court of New Jersey.**

(c)     **Direct Appeal of Ground Three:**

       (1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

       (2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

       (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

           ☐ Yes     ☒ No

       (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

       (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

       (4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

       (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

       (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241      Page 11
(Rev. 06/13)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: **None.**

**GROUND FOUR:**    **None.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ❐ Yes    ❐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ❐ Yes    ❐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

AO 241 (Rev. 06/13)

Page 12

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: **No.**

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☒ Yes ☐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. **Petitioner's appeal from her 4th sentence and JOC is pending before the Appellate Division under docket no. A-1158-20T7. That appeal presents state-law grounds only. Petitioner has exhausted the federal double jeopardy and due process grounds presented in this petition, and any further presentation of those grounds in the New Jersey state courts would be futile.**

AO 241 (Rev. 06/13)

Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial: **Ellen Torregrossa-O'Connor & Darren Gelber, Wilentz Goldman & Spitzer, Woodbridge, NJ**

(d) At sentencing: **1st - trial counsel; 2d - Michael Rogers, McDonald & Rogers, Somerville, NJ; 3d - James Wronko, Wronko Loewen & Benucci, Somerville, NJ; 4th - same as 3d**

(e) On appeal: **1st - Monique Moyse, Public Defender's Office; 2d - James Wronko, Wronko Loewen & Benucci, Somerville, NJ; 3d - same as 2d; 4th - same as 2d & 3d**

(f) In any post-conviction proceeding: **Motion to vacate 4th sentence and JOC - James Wronko, Wronko Loewen & Benucci, Somerville, NJ**

(g) On appeal from any ruling against you in a post-conviction proceeding: **Same**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

**This petition is timely filed within one year of the denial of petitioner's second petition for certification before the Supreme Court of New Jersey on 11/06/2020.**

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241                                                             Page 16
(Rev. 06/13)

    (2)       The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

**Because the Double Jeopardy Clause and the Due Process Clause of the United States Constitutionm as construed by clearly established federal law, fatally undermine the the New Jersey state courts' decisions and prohibit petitioner's increased third and fourth sentences -- both of which were imposed after petitioner fully served both the three-year prison term and the three-year parole term of her original two sentences -- and her ongoing state imprisonment under those increased sentences, her petition for habeas corpus should be granted, and a writ should issue directing her immediate release from state prison.**

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)
**David W. Fassett (DWF 1636)
ARSENEAULT & FASSETT, LLC
Attorneys for Petitioner
Amy Locane a/k/a Amy Locane-Bovenizer**

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner

I declare (or certify, verify, or state) under penalty of perjury that I have been notified that I must include in this petition all the grounds for relief from the conviction or sentence that I challenge, and that I must state the facts that support each ground. I also understand that if I fail to set forth all the grounds in this petition, I may be barred from presenting additional grounds at a later date.

Executed (signed) on _____ (date)

Signature of Petitioner   _____

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.